# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN SMITH.** | : | CIVIL ACTION NO. 1:10-CV-0201 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondent | : | |

## ORDER

AND NOW, this 24th day of February, 2010, upon consideration of petitioner's motion for recusal (Doc. 9), in which plaintiff fails to identify the statutory basis for his claim for recusal, and that pursuant to 28 U.S.C. § 455(a), a judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a)[1], and under § 455(b)(1), a judge is required to recuse himself "[w]here he has a personal bias or prejudice concerning a party," and that the bias necessary to require recusal under either section generally "must stem from a source outside of the official proceedings," Liteky v. United States, 510 U.S. 540, 554 (1994); Selkridae v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004) (beliefs or opinions which merit recusal must involve an extrajudicial factor) and that judicial rulings alone almost never

---

[1] The test for recusal under § 455(a) is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

constitute a valid basis for a bias or partiality motion," Liteky, 510 U.S. at 555, and all indications are that plaintiff seeks recusal of the undersigned based on judicial rulings that were made in a prior civil action, Smith v. Municipality of Lycoming County, Civil No. 1:05-CV-1729, it is hereby ORDERED that petitioner's motion for recusal is DENIED.

                                                  S/ Christopher C. Conner
                                                  CHRISTOPHER C. CONNER
                                                  United States District Judge