# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEVEN SMITH.** | : | **CIVIL ACTION NO. 1:10-CV-0201** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Pending before this court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by petitioner Steven Smith. (Doc. 1.) Therein, he challenges several Court of Common Pleas of Lycoming County convictions found at Docket Numbers CP-41-CR-0000246-2002, recklessly endangering another person, and CP-41-CR-0001901-2002, simple assault and terroristic threats. The petition is presently ripe for disposition.

For the reasons set forth below, the portion of the petition challenging the conviction for recklessly endangering another person will be dismissed without prejudice to petitioner's right to seek permission in the court of appeals to file a second or successive petition. The portion of the petition challenging the simple assault and terroristic threats convictions will be dismissed without prejudice to petitioner's right to file a new petition at the conclusion of the state court collateral proceedings.

## I. Second or Successive Petition

Petitioner argues that the sentence he received for recklessly endangering another person found at Lycoming County Docket Number CP-41-CR-0000246-2002, is illegal. (Doc. 1, at 5.) In so arguing, he concedes that he previously raised this issue in a federal habeas petition. Id. Specifically, on May 17, 2007, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this court challenging the recklessly endangering another person conviction docketed at CP-41-CR-0000246-2002. See Smith v. Brooks, M.D. Pa. Civil No. 1:07-CV-0895. On August 4, 2008, a memorandum and order were issued finding that petitioner procedurally defaulted this very claim, *inter alia*, and was therefore precluded from pursuing federal habeas corpus relief. The petition was denied.

Because he previously presented the precise issue at bar, he must first seek permission from the court of appeals for an order authorizing the court to consider the application. 28 U.S.C. § 2244(b). Accordingly, this portion of the petition will be dismissed without prejudice to petitioner's right to file a new petition should the court of appeals permit him to do so.

## II. Unexhausted Claims

### A. State Court proceedings.

Following a jury trial in March 2004, petitioner was found guilty of simple assault and terroristic threats in Lycoming County case CP-41-CR-0001901-2002, (Doc. 20-8, at 1.) On May 13, 2004, he was sentenced to one to two years for simple assault and a consecutive one to five year sentence for terroristic threats. (Id.) On

2

April 8, 2005, he filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. ANN. §§ 9541-46. (Id.) In a September 5, 2006, opinion, the PCRA court reinstated petitioner's appeal rights *nunc pro tunc*, but otherwise, found no merit to the petition. (Id.) Thereafter, he appealed the judgment of sentence to the Superior Court of Pennsylvania, which, on December 19, 2007, affirmed the judgment of sentence. (Doc. 20-9; Doc. 20-4, at 1-8.) He then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania. (Doc. 20-9.) The petition was denied on May 19, 2009. (Doc. 20-9, at 18.)

On July 24, 2009, he filed a PCRA petition. (Id. at 18.) The petition was denied on January 12, 2010. (Id. at 19.) He appealed the denial to the superior court on February 8, 2010. According to the superior court docket sheet, 234 MDA 2010, the matter was submitted to a panel on September 10, 2010. He is presently awaiting a decision.

**B.   Discussion**

Generally, before a district court can consider the merits of a 2254 petition, a petitioner must show that he "has exhausted the remedies available in the courts of the State." 2254(b)(1)(A). A petitioner presenting only unexhausted claims generally may not be granted relief by a federal court. See Picard v. Connor, 404 U.S. 270, 275 (1971); Williams v. Vaughn, 3 F. Supp. 2d 567, 571 (E.D. Pa. 1998). This exhaustion requirement is imposed upon state prisoners in order to preserve comity, Coleman v. Thompson, 501 U.S. 722 (1991); Gibson v. Scheidemantel, 805 F. 2d 135, 138 (3d Cir. 1986) (stating that exhaustion "serves the interests of

comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights."), and state courts are given the first opportunity to correct constitutional errors.

A habeas petitioner will be deemed to have exhausted his state remedies if, at the time he applies for federal relief, there exists no state procedure by which he might attain relief. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Engle v. Isaac, 456 U.S. 107, 125- 26 n. 28 ( 1982). In O'Sullivan, the Supreme Court held that while exhaustion does not demand that state prisoners "invoke extraordinary remedies," "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 844-45.

In the instant matter, it is clear from a review of the superior court docket sheet that Smith's PCRA appeal is still pending. It cannot be said, at least at this juncture, that there exists no state procedure by which petitioner might attain relief. See O'Sullivan , 526 U.S. 838. Therefore, the petition will be dismissed, without prejudice, to petitioner's right to file a new petition upon disposition of this PCRA petition in the Pennsylvania state courts.

### III. **Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.

An appropriate order follows.

                                                S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge

Dated:        November 17, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STEVEN SMITH.** : | **CIVIL ACTION NO. 1:10-CV-0201** |
| Petitioner : | **(Judge Conner)** |
| v. : | |
| **ATTORNEY GENERAL OF THE** : | |
| **STATE OF PENNSYLVANIA,** : | |
| Respondent : | |

## ORDER

AND NOW, this 17th day of November, 2010, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. The petition for a writ of habeas corpus (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to CLOSE this case and TERMINATE all pending motions (Doc. 27).

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge